IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MATT GERALD GREEN, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. RDB-14-1296 |
| DOUGLAS GANSLER, | * | |
| ATTORNEY GENERAL OF THE STATE OF MARYLAND, and | * | |
| ADMINISTRATOR STEPHEN V'ILIO, | | |
| | * | |
| Respondents | | |
| | *** | |

**MEMORANDUM OPINION**

On April 16, 2014, Petitioner Matt Gerald Green, through counsel, filed this 28 U.S.C. §2254 habeas corpus application attacking his 1996 convictions for two counts of first-degree murder, one count of kidnapping, and one count of use of a handgun in the commission of a crime of violence. (ECF No. 1). He requests that the matter be held in abeyance pending the outcome of state court proceedings. Pursuant to this Court's Order (ECF No. 2), Respondents filed a limited response indicating that the Petition must be dismissed as an unauthorized successive petition under 28 U.S.C. §2244(b)(3). (ECF No. 3). Alternatively, Respondents argue that the Petition is untimely and that Petitioner has not exhausted his state court remedies. This Court need not address Respondents' alternative arguments as the first is dispositive of this matter.

After considering the pleadings, exhibits, and applicable law, this Court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2014); Rule 8, *Rules Governing Section 2254*

*Proceedings in the United States District Courts*. For reasons to follow, the request to hold the matter in abeyance is DENIED as moot. The Petition will be DISMISSED without prejudice.

## DISCUSSION

Petitioner previously sought habeas relief in this Court in 2006, challenging the same judgment of conviction rendered in the Circuit Court for Carrol County.[1] (ECF No. 3-1). Under 28 U.S.C. § 2244, however, Petitioner may only file a second or successive habeas corpus petition if he has first moved in the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The pending Petition is successive and this Court may not consider it unless and until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

Petitioner makes two points in support of the court's consideration of the instant Petition. First, he notes that: "On or about April 20, 2013, Mr. Green learned for the first time that Joseph Kopera, the ballistics expert with the Maryland State Police who testified at his trial for the prosecution, had committed suicide in 2007 amid allegations that he falsified his education credentials in hundreds of proceedings." (ECF No. 1 ¶ 10). Petitioner further states that: "No prior petition, application or motion has been filed in federal court by Mr. Green on the newly discovered evidence regarding Mr. Kopera's perjured testimony." *Id.* ¶ 17. Nonetheless, the

---

[1] *See Green v. Sondervan,* Civil Action No. WDQ-03-1318 (D. Md. May 19, 2006)(dismissed, with prejudice, on the merits). The Court of Appeals for the Fourth Circuit affirmed the dismissal of that petition, issuing its Mandate on April 3, 2007. *Id.* ¶¶ 8-9; *see also* (ECF No. 3-2).

Fourth Circuit, not the district court, must determine whether the alleged "newly discovered evidence" warrants issuance of an order authorizing this court to consider the Petition. *See* 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization order. The procedural requirements and deadlines are extensive. Consequently, the Clerk shall be directed to provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001)(quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

## CONCLUSION

Based on the foregoing, the Petition is DISMISSED without prejudice to being refiled if and when Petitioner receives authorization from the Fourth Circuit. The request to hold the

matter in abeyance is DENIED as moot.  A Certificate of Appealability shall not issue. A separate Order follows.


__May 18, 2016_____                       _____/s/_____
Date                                                            RICHARD D. BENNETT
                                                                UNITED STATES DISTRICT JUDGE